L. Paul Mankin, IV (SBN 264038)
LAW OFFICES OF L. PAUL MANKIN, IV
4655 Cass Street
San Diego, CA 92109
Phone: 800-219-3577
Fax: 323-207-3885
pmankin@paulmankin.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## SAN DIEGO DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANN FOSS, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PROG LEASING, LLC AND DOES 1 THROUGH 10.<br><br>Defendants. | Case No. **'16CV0382 DMS MDD**<br><br>**COMPLAINT FOR DAMAGES UNDER THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>1. Violation of Rosenthal Fair Debt Collection Practices Act<br>2. Violation of Telephone Consumer Protection Act<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff RYANN FOSS (hereinafter "Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

**COMPLAINT**
-1-

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, is a natural person residing in San Diego County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3), is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and is a "person" as defined by 47 U.S.C. § 153 (10).

3. At all relevant times herein, Defendant, Progressive Leasing, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Defendant is a "person" as defined by *47 U.S.C. § 153 (10)*.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. On or about October 2015, Plaintiff purchased furniture from Furniture and Mattress Warehouse. Plaintiff purchased a living room set and bedroom set.

6. At the time of payment the sales associate recommended that Plaintiff finance the furniture purchase through Defendant. Preferring to pay for the furniture over time, Plaintiff agreed to finance the purchase through Defendant.

7. Plaintiff agreed to pay approximately $150 on the first and fifteen of each month for six months. However, Plaintiff and Defendant agreed after Plaintiff first payment to make one payment per month on the 16th of each month for approximately $230.00. Defendant confirmed this agreement by phone and email. Upon changing the payment schedule for Plaintiff's payments, Defendant informed Plaintiff that he would most likely receive a few collection calls and to ignore them.

8. Plaintiff has never been late on a payment. Nonetheless, Defendant contacts Plaintiff on his cellular telephone with pre-recorded voice messages and

live representatives attempting to collect an alleged late payment at least one time per day and up to five times per day. The collection calls started on the day after Plaintiff made his first payment which was timely.

8. On more than four separate occasions, Plaintiff has explained to Defendant that he is not behind in payments and has demanded that the collection calls stop being made to his cellular telephone.

9. On information and belief, some of the dates Plaintiff demanded that the telephone calls stop are November 2, 2015, December 2, 2015, February 10, 2016, and February 11, 2016.

10. Despite Plaintiff making these demands Defendant continues to contact Plaintiff daily with pre-recorded voice messages and live representatives attempting to collect money that is not past due.

11. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect debt allegedly owed by a third party.

12. Plaintiff believes an automatic telephone dialing system was used to contact him because when Plaintiff would answer Defendant's collection calls Plaintiff frequently was not able to speak with a live representative after he would answer the telephone. Plaintiff would answer the telephone and state a greeting

**COMPLAINT**
-4-

but would not receive a response from Defendant. After a recorded message would state that it was Defendant and Plaintiff has a past due balance.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15. Since Plaintiff stated to Defendant on multiple occasions to stop calling him, Plaintiff revoked consent for Defendant to contact him on his cellular phone using an automated telephone dialing system.

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ. Code §1788.11(e));

    e) Misrepresenting the character, amount, or legal status of the alleged debt (§1692e(5);

    f) Making false and misleading statements in connection with attempting to collect a debt (§1692e(2)).

17. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates by reference all of the preceding paragraphs.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

23. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

25. As a result of Defendant's knowing and/or willful violations of *47

*U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

26.   Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

B.   As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

C.   Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted April 1, 2015


By:   /s/ L. Paul Mankin
      L. Paul Mankin
      Law Offices of L. Paul Mankin
      Attorney for Plaintiff